UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, § | |
|     Plaintiff, § | |
| v. § | No. 3:15-CV-887-N (BF) |
| RICARDO DON ARMSTEAD, JR., § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Motion to Dismiss Removal Proceedings Under Federal Rules 12(b)(1), 12(b)(4) and 12(b)(6) [D.E. 20] ("Motion to Dismiss") filed by the State of Texas ("Plaintiff"). For the reasons stated below, the undersigned recommends that the Court GRANT Plaintiff's Motion to Dismiss [D.E. 20].

**DISCUSSION**

On March 19, 2015, Ricardo Don Armstead, Jr. ("Defendant") filed his Notice of Removal which states that he is removing criminal case number F48760 that was filed on May 5, 2014 in the 18th District Court in Johnson County, Texas pursuant to Title 28, United States Code, Section 1455(b) ("Section 1455(b)"). *See* Notice of Removal [D.E. 1 at 2]. Plaintiff states in its Motion to Dismiss that while a grand jury returned an indictment in Cause Number F48760 charging Defendant with Evading Arrest with a Vehicle, a third degree felony offense, the District Attorney's Office has not filed a civil case against Defendant. *See* Mot. to Dismiss [D.E. 20 at 1].

Plaintiff moves to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(4) on the grounds that Defendant's pleadings do not comply with the procedures for removal of a criminal action under Section 1455(b). *See id.* [D.E. 20 at 2]. Section 1455(b) states the

following:

> (b) Requirements.-(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time. (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

28 U.S.C. § 1455(b). Plaintiff states that in violation of Section 1455(b)(1), Defendant's Notice of Removal was filed on March 19, 2015, more than 30 days after his arraignment on October 17, 2014. *See* Mot. to Dismiss [D.E. 20 at 2]; Ex. B [D.E. 20 at 6]. Further, Plaintiff states that Defendant fails to state the grounds for removal as required under Section 1455(b)(2). *See* Mot. to Dismiss [D.E. 20 at 2]; Notice of Removal [D.E. 1 at 1-5]. Therefore, Plaintiff argues that Defendant's pleadings are insufficient to vest this Court with jurisdiction over Defendant's removed criminal case from state court. *See* Mot. to Dismiss [D.E. 20 at 2]. Plaintiff further moves to dismiss this case under Rule 12(b)(6) on the ground that Defendant's pleadings are nothing more than a collateral attack on a state court's determination and actions flowing from that determination pursuant to the statutory scheme in Texas. *See* Mot. to Dismiss [D.E. 20 at 2-3].

"'When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'" *Brown v. Peterson*, No. 7:03-CV-205-R, 2006 WL 349805, at *3 (N.D. Tex. Feb. 3, 2006) (quoting *Hamlett v. Ashcroft*, No. 3:03-CV-2202-M, 2004 WL 813184, at *2 (N.D. Tex. Apr. 14, 2004); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

"When the court dismisses because the plaintiff lacks subject matter jurisdiction, that dismissal 'is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'" *Hamlett*, 2004 WL 813184, at *2 (quoting *Ramming*, 281 F.3d at 161).

"Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution." *Peterson*, 2006 WL 349805, at *4 (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). "A motion to dismiss filed under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction." *Id.* "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists." *Id.* (citing *Rodriguez v. Texas Comm'n on the Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998)).

"In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the courts resolution of disputed facts." *Id.* (citing *Den Norske Stats Oljeselskap As v. HeereMac VOF*, 241 F.3d 420, 424 (5th Cir. 2001)). "There are two types of challenges to a court's subject matter jurisdiction under Rule 12(b)(1): 'facial' attacks and 'factual' attacks." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Brooks v. Snow*, 313 F. Supp. 2d 654, 658 (S.D. Tex. 2004)). "A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges jurisdiction based solely on the

3

pleadings." *Id.* (citing *Weinberger*, 644 F.2d at 523). "When ruling on a facial attack, the court must presume that factual allegations in the complaint are true and determine whether they establish subject matter jurisdiction." *Id.* "By contrast, a Rule 12(b)(1) motion presents a factual attack when the motion is accompanied by supporting evidence that contradicts the jurisdictional allegations in the complaint." *Id.* In the factual attack, the party asserting federal court jurisdiction "bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction." *Id.*

Here, Plaintiff challenges the Court's subject matter jurisdiction under Rule 12(b)(1) based on both a facial attack and a factual attack. *See* Mot. to Dismiss [D.E. 20 at 2]. Plaintiff argues that Defendant's pleadings fail to state the basis of removal as required under Section 1445(b)(2). *See id.* [D.E. 20 at 2]. Further, Plaintiff points to the pretrial scheduling order from the 18th District Court in Johnson County, Texas in arguing that Defendant failed to remove this action within 30 days of the arraignment as required under Section 1445(b)(1). *See id.* [D.E. 20 at 2]; Ex. B. [D.E. 20 at 6]. Defendant, in his response to the Motion to Dismiss, does not dispute Plaintiff's contention that Defendant's arraignment took place on October 17, 2014. *See* Resp. [D.E. 21].

Upon consideration of the pleadings in this case and the undisputed facts in the record, the undersigned finds that this Court lacks subject matter jurisdiction. As Plaintiff points out, the pleadings fail to state the grounds for removal in violation of Section 1445(b)(2), and Defendant removed this case to federal court beyond the 30 days permitted under Section 1445(b)(1). Therefore, this case should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.[1]

---

[1]. Because this case should be dismissed pursuant to Rule 12(b)(1), the undersigned pretermits consideration of Plaintiff's remaining grounds for dismissal.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Plaintiff's Motion to Dismiss [D.E. 20].

**SO RECOMMENDED**, this 4th day of December, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).